## 68 W. 128th St. Partners LLC v Moller

2025 NY Slip Op 34094(U)

October 31, 2025

Supreme Court, New York County

Docket Number: Index No. 161192/2023

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    __HON. LYLE E. FRANK__    PART      11M

*Justice*

-------------------------------------------------------------------------------X

68 WEST 128TH STREET PARTNERS LLC,

           Petitioner,

         - v -

ELIZABETH A .MOLLER, ROBERT J LEMONS, 352-354
LENOX LLC,LENOX TWINS, LLC,

           Respondent.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 161192/2023 |
| MOTION DATE | 12/07/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 12, 13, 14, 15, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 64, 66, 67, 68, 69, 70, 71, 72, 75

were read on this motion to/for        MISC. SPECIAL PROCEEDINGS      .

Petitioner commenced the instant proceeding, pursuant to RPAPL § 881 seeking a license to access respondents' adjoining property to install appropriate property protection and requiring respondents to execute DOB forms, if any, required in connection with the installation of the property protection. Respondents oppose the instant petition and cross-move, pursuant to CPLR § 2201, to stay the instant proceeding[1]. For the reasons set forth below, the petition is granted as provided below.

It is undisputed respondents have not refused to grant petitioner a license, rather the dispute arises regarding the terms of said licensing agreement. Specifically, despite not having been provided a license to enter the property, petitioner commenced excavation work without providing any property protection to respondents' property, resulting in damage to the property[2].

---

[1] The matter was stayed, NYSCEF Doc. 41, and the stay has now been lifted, see NYSCEF Doc. 66.
[2] Respondent has initiated a plenary action against petitioner, as well as other parties, seeking compensation for said damages, index number 161546/2023.

[* 1]

It is under this backdrop that respondents do not refuse to grant petitioner a license to access the property, rather respondents seek appropriate license fees and attorneys' fees.

The Court has had multiple conferences with the parties and allowed supplemental briefing regarding the appropriate fees. In support of its application for professional fees, which respondent contends are reasonable attorneys' fees and engineering fees, incurred in negotiating the license agreement and defending this RPAPL § 881 proceeding, respondent has provided the affirmation of Jonathan Cruickshanks, P.E. Further, respondent seeks license fees of $8,500 per month, increasing to $10,000 per month, as well as a $30,000 escrow deposit by petitioners.

It is undisputed that respondents are entitled to the fees that they seek, the only dispute is the amount of fees. Petitioner contends that because a portion of both the engineering fees and the attorneys' fees are attributable to the plenary action the American rule applies, and respondent should not be awarded fees relating to that matter. Petitioner cites to First Department cases that set forth the American Rule, however, does not cite to any binding precedent analogous to the facts herein. Petitioner cites to the decision of Justice Carolyn E. Wade in Kings County Supreme Court, as guidance to this Court, however, Justice Wade specified, and petitioner emphasizes, that attorneys' fees cannot be awarded for matters unrelated to the special proceeding. Here, the plenary action is directly related to the special proceeding, in that damages were sustained by the respondents for petitioner's failure to obtain a license prior to the commencement of excavation work. The Court finds that the fees sought by respondents are related and appropriate and petitioner has not disputed the reasonableness of counsels' hourly rate, or the provided a competing engineer's affirmation to rebut respondent's rate. Accordingly, respondents' fee application is granted.

As to the escrow, the Court does not find that an escrow deposit is appropriate at this time given that petitioner will be required to pay the professional fees prior to restarting the project. Additionally, the Court finds that a license fee of $8,500 per month, increasing to $10,000 per month, to be excessive in this instance. Preliminarily, the Court rejects petitioner's repeated contentions that respondents have not negotiated in good faith thereby incurring substantial professional fees, the conduct before this Court through multiple arguments and conferences establishes otherwise. Contrary to petitioner's position though, the Court finds that the respondents are entitled to license fees. Based on the submissions of the parties, the Court finds that based on the interference with respondents' use and enjoyment of their property, a license fee of $5,000 per month is reasonable under the circumstances. The Court notes that respondents will lose access to their backyard space and various windows will be blocked preventing natural light from entering the space, however, the license fees suggested are not proportional to the loss. Accordingly, it is hereby

ORDERED that the petition is granted, and petitioner is permitted to access respondents' properties to perform, install, maintain and later remove the property protection on respondents' properties, consistent with the conditions described below; and it is further

ORDERED that respondents shall execute DOB forms, if any, required in connection with the installation of the property protection; and it is further

ORDERED that petitioner is required to reimburse respondents' $113,505.18 in attorneys' fees and costs and $11,700.00 in engineering fees prior to exercising its rights under this license; and it is further

[* 3]

ORDERED that petitioner shall pay respondent $5,000 per month and failure to promptly pay such an amount will be cause to end the rights petitioner has pursuant to this Decision and Order; and it is further

ORDERED that petitioner obtain and maintain a commercial general liability insurance with limits of not less than $5,000,000 per occurrence and a requirement that petitioner fully defend and indemnify respondents from any property damage, injuries or death, continuing until the work is complete and until such time as the petitioner and their contractors have removed all equipment and other related objects from the respondents' property.

20251031125933LFRANK6D850916D7FD40F09645CCD78CCF23C0

| 10/31/2025 | | | | | |
| DATE | | | | LYLE E. FRANK, J.S.C. | |
| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | X | GRANTED | ☐ DENIED | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | ☐ REFERENCE |